**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dan DEMERS, Defendant–Appellant.**

No. 92–30310.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 1993.

Decided Jan. 18, 1994.

**1382**

David F. Ness, Helena, MT, for defendant-appellant.

Kris A. McLean, Asst. U.S. Atty., Helena, MT, for plaintiff-appellee.

Before: CANBY, and REINHARDT, Circuit Judges, and TASHIMA, District Judge.*

TASHIMA, District Judge:

Dan Demers appeals his sentence after pleading guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Demers contends that the district court erred in finding as a matter of law that he was not entitled to a minor or minimal participant adjustment pursuant to U.S.S.G. § 3B1.2. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We vacate the sentence and remand for resentencing.

## FACTUAL BACKGROUND

Demers was named in a 62 count indictment charging nineteen defendants with conspiracy to distribute cocaine and other related offenses. Demers was charged with one count of conspiracy to distribute cocaine and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a). He pleaded guilty to the count of possession with intent to distribute in exchange for dismissal of the conspiracy charge.

In the plea agreement, the parties stipulated that Demers was entitled to a three point reduction in his base offense level pursuant to U.S.S.G. § 3B1.2. However, at sentencing, the district court denied Demers a § 3B1.2 mitigating role adjustment as a matter of law.

The district court reasoned that "a downward adjustment based on the defendant's minor or minimal participation is only warranted where the relevant conduct used to determine the base offense level involves group conduct." Because Demers' base offense level was determined solely by using the quantity of drugs involved in the possession with intent to distribute count to which he pled guilty, the court considered only Demers' role in that specific offense. Since possession with intent to distribute is a sole participant offense, the court found that Demers could not have had a relatively "minor" or "minimal" role.

The district court explained that adjusting Demers' base offense level downward for his minor or minimal role in the conspiracy would impermissibly "double reward" him because he had already benefitted from the fact that the dismissed conspiracy charge was not used to increase his base offense level. The court noted, however, that if the probation officer had increased Demers' base offense level by taking into account the quantity of drugs involved in the dismissed conspiracy charge, the court then could have considered whether Demers was a minor or minimal participant in that conspiracy.

■ Since this appeal challenges the district court's legal interpretation of the guidelines, review is de novo. *United States v. Blaize*, 959 F.2d 850, 851 (9th Cir.) (en banc), *cert. denied*, — U.S. —, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992).

## DISCUSSION

■ Demers argues that the district court erred in limiting his eligibility for a downward adjustment under U.S.S.G. § 3B1.2 to his role in the offense to which he pled

* The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

guilty.[2] Demers contends the district court should have considered his role in relevant conduct beyond his offense of conviction, as defined by U.S.S.G. § 1B1.3.[3] We agree.

We recently recognized that in light of a clarifying amendment to the introductory commentary to Chapter Three, Part B of the Guidelines,[4] a mitigating role adjustment under § 3B1.2 is not limited to the defendant's role in the offense of conviction. *See United States v. Webster,* 996 F.2d 209 (9th Cir. 1993). In *Webster,* we held that for a defendant who was the sole participant in the offense of conviction to receive a downward adjustment,

> the evidence available to the court at sentencing must, at a minimum, show (i) that the "relevant conduct" for which the defendant would, within the meaning of section 1B1.3(a)(1), be otherwise accountable involved more than one participant ... and (ii) that the defendant's culpability for such conduct was relatively minor compared to that of the other participant(s).

*Id.* at 212 (quoting *United States v. Caballero,* 936 F.2d 1292, 1299 (D.C.Cir.1991), *cert. denied,* ―― U.S. ――, 112 S.Ct. 943, 117 L.Ed.2d 113 (1992)).[5]

In the instant case, the district court narrowly read the amended commentary as permitting consideration of a defendant's role in relevant conduct only if that relevant conduct was included in calculating the defendant's base offense level. This interpretation is contrary to the language of the amended commentary and our holding in *Webster,* which make clear that all relevant conduct within the meaning of § 1B1.3 may serve as the predicate for a downward adjustment. *See Guidelines,* at Appendix C, part 345 (effective Nov. 1, 1990) ("The determination of a defendant's role in the offense is to be made on the basis of *all conduct within the scope of § 1B1.3 (Relevant Conduct).*") (emphasis added); *Webster,* 996 F.2d at 211.

In light of *Webster,* we decline to restrict the scope of relevant conduct on which a downward adjustment may be based to the relevant conduct that is included in the defendant's base offense level. If the Sentencing Commission had intended to so limit the availability of a downward adjustment, it could have stated that for purposes of a downward adjustment, a defendant's role in the offense is confined to the relevant conduct used to determine the base offense level. We find no such limiting language or principle in the Guidelines or its commentary.

Moreover, although *Webster* does not specify whether in that case the defendant's base offense level was determined using any relevant conduct beyond the offense of conviction, *Webster* explicitly relied on *Caballero.* 996 F.2d at 212. In *Caballero,* the defendant was assigned a base offense level which corresponded to his offense of conviction: possession with intent to distribute 50 grams or

---

**2.** Section 3B1.2 provides:

> Based on the defendant's role in the offense, decrease the offense level as follows:
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
> In cases falling between (a) and (b), decrease by 3 levels.

**3.** Section 1B1.3 defines relevant conduct for purposes of determining the base offense level, specific offense characteristics, and adjustments. *See* U.S.S.G. § 1B1.3.

**4.** The clarifying amendment provides: "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), *i.e.,* all conduct included under § 1B1.3(a)(1)–(4), and not solely on the basis of elements and acts cited in the count of conviction." United States Sentencing Comm'n, *Guidelines Manual* ("Guidelines"), Appendix C, part 345 (effective Nov. 1, 1990).

**5.** Section 1B1.3(a)(1) defines relevant conduct as:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

more of cocaine. *See Caballero*, 936 F.2d at 1294. Notwithstanding the fact that the defendant's base offense level was determined using only the offense of conviction, the D.C. Circuit remanded for a fact-based determination as to whether his role and culpability in relevant conduct, within the meaning of § 1B1.3, were sufficiently minor compared to that of other participants to warrant a downward adjustment. *Id.* at 1299. Thus, *Webster* may be read as holding that the availability of a downward adjustment is not limited to the defendant's role in the relevant conduct included in his base offense level.

■ Here, the district court relied on the second sentence of the clarifying amendment, which provides:

> . . . where the defendant has received mitigation by virtue of being *convicted of an offense significantly less serious than his actual conduct, e.g.,* the defendant is convicted of unlawful possession of a controlled substance but his *actual criminal conduct* involved drug trafficking, a further reduction in the offense level under § 3B1.2 (mitigating role) *ordinarily is not warranted* because the defendant is *not substantially less culpable* than a defendant whose only conduct involved the less serious offense.

*Guidelines,* at Appendix C, part 345 (effective Nov. 1, 1990) (emphasis added). The district court interpreted this provision as "indicat[ing] that there shouldn't be a double reward here for the Defendant who pleads down to a lesser offense." We hold that the district court erred in interpreting this language as establishing a *per se* rule barring a defendant who pleads guilty to a lesser offense from receiving a downward adjustment where his base offense level does not account for the greater charged offense.

First, the express focus of the amended commentary is actual criminal conduct. The commentary provides that a downward adjustment ordinarily is not warranted "where the defendant has received mitigation by virtue of being convicted of an offense *significantly less serious than his actual criminal conduct.*" *Guidelines,* at Appendix C, part 345 (effective Nov. 1, 1990). Accordingly, this provision of the commentary only applies where the district court determines as a factual matter that the defendant has benefitted by virtue of the relative seriousness of his offense of conviction compared to his actual criminal conduct.

The most recent version of the amended commentary merely clarifies that the presumed benefit to the defendant is the lower offense level. The commentary retains the requirement that the district court make a factual inquiry into the relative seriousness of the offense of conviction as compared to actual criminal conduct. The newly amended commentary provides:

> If a defendant has received a lower offense level by virtue of being convicted of an offense *significantly less serious than warranted by his actual criminal conduct,* a reduction for mitigating role under this section *ordinarily is not warranted* because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.

*Guidelines,* at Appendix C, part 456 (effective Nov. 1, 1992) (emphasis added).

In the instant case, the district court assumed that the dismissed conspiracy charge reflected Demers' actual criminal conduct. However, the government offered no evidence at sentencing of the scope of Demers' participation in the conspiracy. The mere fact that Demers was charged with conspiracy falls far short of establishing that the offense to which he pled guilty was significantly less serious than his actual criminal conduct. To the contrary, the government stipulated in the plea agreement that Demers possessed with intent to distribute 50 to 100 grams of cocaine rather than the 280 grams originally charged in the count to which he pled guilty. The plea agreement stated that the parties stipulated to the base offense level for distribution or possession with intent to distribute between 50 and 100 grams of cocaine "because the amount plead by the Government in Count VI of the Indictment [the possession with intent to distribute count] could not be proven at trial." Plea Agreement at 5:11–16.

Second, the touchstone of a § 3B1.2 adjustment is the defendant's relative culpability. To illustrate the ordinary case in which a § 3B1.2 reduction would constitute a "double reward," the amended commentary provides

the example of a defendant whose actual conduct involved a minimal role in drug distribution but who was convicted of mere possession. Because this defendant is not substantially less culpable than a defendant whose only conduct involved simple possession, a mitigating role adjustment would be unavailable. *See Guidelines,* at Appendix C, part 345 (effective Nov. 1, 1990); *Guidelines,* at Appendix C, part 456 (effective Nov. 1, 1992). Where a defendant convicted of simple possession actually possessed drugs for distribution as part of a distribution scheme, the fact he played a "minor" or "minimal" role in the scheme does not entitle him to a lower base offense level than a defendant who merely possessed drugs for personal use without involvement in any distribution scheme.

■ A different situation is presented where the offense of conviction is possession with intent to distribute, rather than simple possession. Both the defendant convicted of possession with intent to distribute who has ties to a larger trafficking scheme and the defendant convicted of possession with intent to distribute who has no ties to such a scheme are culpable of possessing drugs for distribution. However, because of the nature of the offense, a defendant who is involved in a trafficking scheme but who is convicted only of possession with intent to distribute may be substantially less culpable than a defendant who is convicted of possession with intent to distribute but who has no involvement in any larger distribution scheme. Indeed, a courier who possesses drugs for distribution as part of a trafficking scheme may be substantially less culpable than a defendant who possesses the same amount of drugs for distribution but has no ties to a trafficking scheme.[6]

Thus, the amended commentary safeguards against our concern in *United States v. Lillard,* 929 F.2d 500 (9th Cir.1991), that "[a] defendant, who is part of a large drug conspiracy but convicted only of possession, should not be rewarded for his participation in the conspiracy by receiving a lighter sentence than one who was convicted of possession but had no connections to a larger scheme." *Id.* at 503. At the same time, the amended commentary leaves open the possibility of a downward adjustment where a "mule" or mere courier convicted of possession with intent to distribute seeks an adjustment for his minor role in a larger trafficking scheme. *See Webster,* 996 F.2d at 212 (defendant convicted of possession with intent to distribute may be eligible for downward adjustment based on alleged role as drug courier); *United States v. Lui,* 941 F.2d 844, 849 (9th Cir.1991) (assuming defendant convicted of possession with intent to distribute and importation of heroin may be eligible for downward adjustment as courier); *United States v. Caballero,* 936 F.2d at 1299 (defendant convicted of possession with intent to distribute may be eligible for § 3B1.2 adjustment as "minor" participant).

The guidelines commentary expressly notes that a § 3B1.2 adjustment for minimal participation "would be appropriate, for example, ... in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, Application Note 2. Nowhere do the guidelines suggest that the courier would be automatically precluded from receiving a downward adjustment if his base offense level did not account for the amount of drugs involved in the larger trafficking scheme. Rather, by mandating a fact-based inquiry into the relative seriousness of the defendant's offense of conviction compared to his actual criminal conduct, the commentary expressly allows for a downward adjustment for a courier convicted of posses-

---

6. *United States v. Olbrices,* 979 F.2d 1561 (D.C.Cir.1992), is not contrary to our holding in this case. In *Olbrices,* the court held that a defendant who pled guilty to involvement in a conspiracy to distribute narcotics could not receive a mitigating role adjustment based on her minor role in a larger conspiracy because the drugs that were part of the larger conspiracy were not included in her base offense level. We agree that the circumstances in *Olbrices* present the type of situation described in the amended commentary because a defendant who has a major role in a drug conspiracy for which she is convicted and a minor role in a larger drug conspiracy for which she is not convicted is not substantially less culpable than a defendant who is only involved in the smaller scheme. However, where a defendant convicted of possession with intent to distribute seeks a downward adjustment based on his role in a trafficking scheme, there may be circumstances under which a § 3B1.2 adjustment is warranted.

sion with intent to distribute, provided his role and culpability in the trafficking scheme are sufficiently minor compared to that of the other participants.

Accordingly, we vacate the sentence and remand for a factual determination as to the relative seriousness of the offense to which Demers pleaded guilty compared to his actual criminal conduct. If the district court concludes that Demers' offense of conviction is significantly less serious than his actual criminal conduct, then it may deny him a downward adjustment pursuant to the reasoning articulated in the amended commentary. Otherwise, our holding in *Webster* dictates that Demers is entitled to argue for a downward adjustment based on his role in all relevant conduct, charged or uncharged, within the meaning of § 1B1.3(a)(1) and the district court must determine as a factual matter whether Demers' role and culpability in the larger context of his offense were sufficiently minor or minimal compared to other participants in the offense to warrant a § 3B1.2 adjustment.

**The sentence is VACATED and the case is REMANDED FOR RESENTENCING.**