**UNITED STATES of America, Appellee,**

v.

**Martha MARINO, Defendant–Appellant.**

**No. 1567, Docket 93–1862.**

United States Court of Appeals,
Second Circuit.

Argued June 21, 1994.

Decided July 8, 1994.

David S. Zapp, Leonia, NJ; (Gerard E. Lynch, New York City, on the brief), for defendant-appellant.

Lisa M. Fleischman, Asst. U.S. Atty., Brooklyn, NY; (Zachary W. Carter, U.S. Atty., Susan Corkery, Asst. U.S. Atty., on the brief), for appellee.

Before: NEWMAN, Chief Judge, VAN GRAAFEILAND and LEVAL, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This sentencing appeal primarily concerns the availability of a sentencing guideline adjustment for minor role in an offense. The precise issue is whether a defendant may receive a minor role adjustment by reason of more serious related crimes of others, where she was neither convicted of the more serious crimes nor were they used as relevant conduct to enhance her sentence under the Sentencing Guidelines. The issue arises on an appeal by Martha Marino from the December 1, 1993, judgment of conviction entered in the District Court for the Eastern District of New York (Carol B. Amon, Judge). We

conclude that the minor role adjustment was not available and therefore affirm.

## Facts

On April 1, 1993, while at Kennedy Airport preparing to board a flight to Colombia, Marino and co-defendant Margarita Ortiz falsely reported on a currency declaration form that they were not transporting more than $10,000 in currency. An inspection of Marino's luggage revealed that $285,000 in currency was hidden in plastic toys and an additional $3,357 in her carry-on luggage; an inspection of Ortiz's luggage revealed $235,000 similarly concealed and $665 in her wallet.

Marino and Ortiz pleaded guilty to conspiring to fail to file a currency report concerning the transportation of funds in excess of $10,000, as required by 31 U.S.C. § 5316(b) (1988), in violation of 18 U.S.C. § 371 (1988 & Supp.IV 1992). The presentence report set both defendants' adjusted offense level at 12. The base offense level of 9 was enhanced by 3 levels under U.S.S.G. § 2S1.1(b)(2)(D) because of the aggregate amount of currency, $524,022, carried by both defendants. Both defendants received a 2–level reduction for acceptance of responsibility, resulting in a net offense level of 10, with a sentencing range of 6 to 12 months' imprisonment.

After receiving the presentence report, the defendants argued that they should have received an additional 2–level reduction for minor participation. *See* U.S.S.G. § 3B1.2(b). At the presentence hearing, defense counsel contended that the defendants were mere cash couriers in a larger, uncharged criminal scheme involving narcotics. Ortiz testified that she had agreed to transport the money in exchange for airline tickets for herself and Marino to visit their families in Colombia.

In rejecting the defendants' contention that they were entitled to a minor role reduction, Judge Amon stated:

> When the crime is conspiracy to file false reports and the crime is these two ladies got together and they agreed that they weren't going to report this money they were taking out of the country. In terms of that, they're not a minor participant in that particular crime.

Using the authority contained in section 5C1.1(c)(2) of the Guidelines, Judge Amon elected, for both defendants, to divide the minimum guideline range sentence of six months into a term of three months in prison and three months of home detention, the latter imposed as a condition of a two-year term of supervised release.

On appeal, Marino contends that the District Court erred in concluding that she was not entitled to a mitigating role reduction in her offense level. Ortiz has withdrawn her appeal.

## Discussion

■ Marino contends that her conduct in attempting to transport money without submitting required currency forms was minor compared to the conduct of those who requested her to take the money out of the country. These other persons, she contends, were engaged in at least money laundering and probably in a narcotics distribution scheme. She argues that the District Court erred in concluding that it could not consider her minor role in activity beyond the offense of conviction. *See, e.g., United States v. Demers,* 13 F.3d 1381, 1385 (9th Cir.1994); *United States v. Speenburgh,* 990 F.2d 72, 74 n. 1 (2d Cir.1993); *United States v. Perdomo,* 927 F.2d 111, 116–17 (2d Cir.1991). In *Perdomo,* we affirmed the District Court's section 3B1.1(b) upward adjustment based on the defendant's role as a "manager or supervisor" in criminal activity beyond the offense of conviction. 927 F.2d at 116–17. We noted that the amended commentary to the Sentencing Guidelines, effective November 1, 1990, state:

> The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct) ..., and not solely on the basis of elements and acts cited in the count of conviction.

927 F.2d at 116 (quoting U.S.S.G. Ch. 3, Pt. B, intro. comment.). Hence, the District Judge was not necessarily limited to a consideration of conduct in the charged offense in determining whether an adjustment was warranted for Marino's "role in the offense." *Id.; see also Speenburgh,* 990 F.2d at 74 n. 1

(scope of defendant's "offense" when determining whether she played an aggravating or mitigating role not limited to elements and acts in count of conviction).

█ In the pending case, however, Judge Amon was correct that a section 3B1.2 mitigating role adjustment was not available to the appellant. We have noted our agreement with the other circuits that have "concluded that the defendant's role in the offense is determined 'not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, ... but also by measuring each participant's individual acts and relative culpability against the elements of the offense of conviction....'" *United States v. Lopez*, 937 F.2d 716, 728 (2d Cir.1991) (quoting *United States v. Daughtrey*, 874 F.2d 213, 216 (4th Cir.1989)). In the pending case, no aspect of money laundering or narcotics trafficking was used as relevant conduct, U.S.S.G. § 1B1.3, to raise appellant's offense level, nor was she charged with such offenses. Her attempt to compare her role as minor compared to those engaged in such more serious activities is therefore impermissible.

In arguing that her minor role in an uncharged money laundering scheme warranted a reduction in her sentencing level, Marino relies extensively on the Ninth Circuit's recent decision in *Demers*. That case, however, is unavailing. The defendant in *Demers* had been convicted of possession with intent to distribute cocaine. Recognizing that the base offense level for possession with intent to distribute is much higher than the base offense level for simple possession, the Ninth Circuit allowed consideration of the defendant's minor role in the distribution compared to others in the scheme. The point of *Demers* is that if the offense level is raised, either in the selection of a base level or by an upward adjustment, because of conduct in which the defendant and others participated, a mitigating role reduction might be warranted if the defendant's role in the conduct supporting the higher level is minor. Since Marino's offense level was calculated solely with regard to transporting money without the required report—conduct as to

which her role was not less serious than the other participant in that activity—she was not entitled to a minor role adjustment. Indeed, had she been charged with money laundering or a narcotics conspiracy, she would have been far worse off: she might have received a minor role adjustment, but it would have been a reduction from a much higher offense level than the one applicable to her offense conduct.

*Demers* in fact is authority against Marino's argument. The Ninth Circuit noted in *Demers* that had the defendant been convicted only of drug possession, no reduction would have been available for a mitigating role in a larger criminal conspiracy. Where "[a] defendant is not substantially less culpable than a defendant whose only conduct involved [the offense of conviction], a mitigating role adjustment would be unavailable." *Id.* at 1385 (citing U.S.S.G. at App.C., Pts. 345, 456). That is precisely the situation in the pending case. The District Court therefore properly rejected the appellant's argument that she was entitled to a minor role adjustment based on conduct outside the offense.

█ Finally, the District Court did not err in refusing Marino a mitigating role adjustment based on the argument that she was less culpable than Ortiz. The Court's factual determination that there was "[no] distinction between the two Defendants either based on background or their involvement" was not clearly erroneous. *See United States v. Soto*, 959 F.2d 1181, 1187 (2d Cir. 1992).

The judgment of the District Court is affirmed.