48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben GARIBAY, Defendant-Appellant.
 No. 94-50403.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Garibay appeals his 27-month sentence imposed following his guilty plea for unlawful use of a communications facility in violation of 21 U.S.C. Sec. 843. Garibay contends that the district court erred as a matter of law by failing to grant a two-level reduction for his minor role in the offense. The government argues Garibay waived his right to appeal in a written plea agreement. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Waiver of Right to Appeal
 
 3
 Whether a defendant has waived his statutory right to appeal is reviewed de novo. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991). "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." Id. at 480. "[A] waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 4
 Here, the original written plea agreement stipulated that the parties agreed to recommend an upward departure to the 48-month statutory maximum in exchange for a guilty plea, and Garibay's waiver of the right to appeal any sentence up to and including the statutory maximum. At the sentencing hearing, the parties orally modified the plea agreement because the original agreement was incorrectly premised on Garibay being a career offender. The parties made an amended joint recommendation of an 18-month sentence, and the government recommended a one-level downward adjustment for role in the offense.
 
 
 5
 The government contends that Garibay's sentence was less than the 48-month statutory maximum, and thus, the waiver precludes this appeal. Garibay argues the waiver was not included in the oral modification. The parties disagreed at the sentencing hearing as to whether the the waiver was a part of the oral modification. The district court, however, specifically stated that Garibay was not sentenced according to the plea agreement, and that Garibay had a right to appeal. See Navarro-Botello, 912 F.2d at 321. The district court stated it was dissatisfied with the modified plea agreement and sentenced Garibay to a 27-month term of imprisonment, the high end of the guideline range. Accordingly, Garibay is not precluded from appealing his sentence.
 
 II. Adjustment for Minor Role in the Offense
 
 6
 Whether a defendant is a minor or minimal participant in a criminal activity is an issue of fact reviewed for clear error. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), petition for cert. filed, --- U.S.L.W. ---- (U.S. Dec. 27, 1994) (No. 94-7428). A defendant who is a minor participant in any criminal activity may have his offense level decreased by two levels. U.S.S.G. Sec. 3B1.2(b). A minor participant means "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Sec. 3B1.2, comment. (n. 3).
 
 
 7
 Garibay contends the district court erred when it failed to make a factual finding of his comparative culpability relative to other participants in the criminal activity. However, we have held that the district court is not required to make a factual finding of a defendant's culpability relative to his co-defendants in determining whether that defendant's role was minor. See United States v. Flores-Payon, 942 F.2d 556, 561 (9th Cir.1991). "[A] simple statement that the defendant was not a minor participant will suffice as a factual finding. See United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990).
 
 
 8
 Garibay inappropriately relies on United States v. Demers, 13 F.3d 1381 (9th Cir.1994) to argue that a factual finding relative to his culpability in comparison to other co-defendants is required in determining role adjustments. In Demers, we held that the defendant's role in relevant conduct beyond his offense of conviction could be considered when determining a role reduction under U.S.S.G. Sec. 3B1.2. See Demers, 13 F.3d at 1383. Demers requires a factual inquiry into the relative seriousness of the offense of conviction compared to the defendant's actual criminal conduct when a role reduction is denied pursuant to Sec. 3B1.2, comment. (n. 4).[1] See Demers, 13 F.3d at 1384. When Application Note 4 is inapplicable, the district court must only determine whether the defendant's role and culpability in the overall relevant conduct warranted a role adjustment. See id. at 1386.
 
 
 9
 The district court did not deny Garibay a role reduction because his offense of conviction was significantly less serious than his actual criminal conduct. The district court properly found that Garibay played a "significant role in the overall offense" because Garibay actually sold the heroin to the government's cooperative witness. Even if Garibay was only a courier as he contends, the mere fact that he was a courier does not make him a minor participant. See Davis, 36 F.3d at 1436. Accordingly, the district court did not commit clear error by refusing to grant Garibay a minor role reduction. Id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 1 U.S.S.G Sec. 3B1.2, comment. (n. 4) provides: "If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense."