82 F.3d 424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor MANJARREZ-GONZALEZ, Defendant-Appellant.
 No. 95-50244.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Manjarrez-Gonzalez appeals his twenty-four month sentence imposed following a guilty plea to two counts of transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Manjarrez-Gonzalez contends that the district court erred in concluding that he was not entitled to a minor role reduction under U.S.S.G. § 3B1.2(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's application of the Sentencing Guidelines de novo. United States v. Oliver, 60 F.3d 547, 554 (9th Cir.1995).
 
 
 4
 For a defendant to be eligible for a minor participant adjustment, he must be "less culpable than most other participants." U.S.S.G. § 3B1.2, comment. (n. 3) (1994). Where the defendant was the sole participant in the offense of conviction, the evidence must show that the "relevant conduct" for which the defendant would be otherwise accountable involved more than one participant, and that defendant's culpability for such conduct was relatively minor compared to that of the other participants. United States v. Webster, 996 F.2d 209, 212 (9th Cir.1993) (citing United States v. Caballero, 936 F.2d 1292, 1299 (D.C.Cir.1991), cert. denied, 502 U.S. 1061 (1992)); see also United States v. Demers, 13 F.3d 1381, 1384-85 (9th Cir.1994) ("touchstone" of a § 3B1.2 adjustment is defendant's relative culpability). The defendant must show his entitlement to a role reduction by a preponderance of the evidence. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). Further, a minor role reduction is not warranted "if a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct."[1] U.S.S.G. § 3B1.2, comment. (n. 4); see also Demers, 13 F.3d at 1384-85 (noting minor role reduction inappropriate for defendant who pleads down to a lesser offense).
 
 
 5
 Here, Manjarrez-Gonzalez was the sole participant in the charged crime of transportation of aliens. Although the smuggling scheme appears to have been a two-man operation, there is no evidence that Manjarrez-Gonzalez's culpability was relatively minor in comparison to this other individual.[2] See Webster, 996 F.2d at 212. Manjarrez-Gonzalez named no other participants, and cited no particular factors in support of his contention that he was entitled to a role reduction. See Davis, 36 F.3d at 1436. Further, as the district court noted, Manjarrez-Gonzalez was only charged with the lesser crime of transportation of aliens, and thus was not entitled to a minor role reduction. See U.S.S.G. § 3B1.2, comment. (n. 4); Demers, 13 F.3d at 1384-86.
 
 
 6
 Therefore, the district court did not err in determining that Manjarrez-Gonzalez was not entitled to a minor role reduction. See U.S.S.G. § 3B1.2, comment (n. 4); Demers, 13 F.3d at 1384-85; Webster, 996 F.2d at 212.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Guidelines give the following example in support of this proposition: If a defendant whose actual conduct involved a minimal role in the distribution of cocaine is convicted of simple possession of cocaine, no reduction for a mitigating role is warranted because the defendant is not substantially less culpable than a defendant whose only conduct involved the simple possession of cocaine. U.S.S.G. § 3B1.2, comment. (n. 4)
 
 
 [2]
 The presentence report refers to another unknown individual who allegedly smuggled the aliens over the border for pickup by Manjarrez-Gonzalez