95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cecil TASBY, Defendant-Appellant.
 No. 95-30358.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cecil Tasby appeals his 78-month sentence imposed following a jury conviction for possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Tasby contends that the district court erred by denying him a two-level minor role reduction pursuant to U.S.S.G. § 3B1.2(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, 18 U.S.C. § 3742(a), and affirm.
 
 
 3
 We review for clear error the district court's determination regarding a defendant's minor role in the offense. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). A defendant must be "substantially less culpable than the average participant" in order to receive a minor role reduction. See U.S.S.G. § 3B1.2(b), comment. (n. 3); United States v. Benitez, 34 F.3d 1489, 1497-98 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995). The court must consider the defendant's role in the specific offense, all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant, and the conduct of others that was in furtherance of a jointly undertaken criminal activity and reasonably foreseeable by the defendant. U.S.S.G. § 1B1.3(a)(1)(A), (B); see United States v. Demers, 13 F.3d 1381, 1383 (9th Cir.1994). Where the defendant is the sole participant in the offense of conviction, the "relevant conduct" for which he would be otherwise accountable must involve more than one participant, and his culpability for such conduct must be relatively minor when compared to other participants. United States v. Webster, 996 F.2d 209, 212 (9th Cir.1993) (per curiam).[1]
 
 
 4
 Here, Tasby argues that the district court unjustly limited the scope of relevant conduct eligible for consideration in determining his base offense level.
 
 
 5
 Tasby argues that the relevant conduct should also include the selling of a controlled substance in his apartment by two other participants. Tasby contends that his culpability was substantially minor when compared to these other participants. See id.
 
 
 6
 Nevertheless, Tasby failed to present evidence that he was a minor participant in the larger drug trafficking scheme that was based out of his apartment. See Demers, 13 F.3d at 1385. In fact, Tasby testified that the drugs were not his and that he no longer lived in the apartment, but was spending the night when he was arrested, thereby denouncing any involvement in the larger scheme. Moreover, the only drugs recovered during the search of the apartment were located in plain view on a shelf in the closet of the room where Tasby was sleeping.
 
 
 7
 Tasby failed to show by a preponderance of the evidence that he was a minor participant in a larger drug trafficking scheme rather than the sole participant in the offense of conviction. See Davis, 36 F.3d at 1436. Thus, the district court did not clearly err by denying Tasby a minor role reduction. See U.S.S.G. § 3B1.2(b)), comment. (n. 4); Webster, 996 F.2d at 212.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A defendant who possesses drugs for distribution as part of a trafficking scheme may be substantially less culpable than a defendant who possesses the same amount of drugs for distribution but has no ties to a trafficking scheme. See Demers, 13 F.3d at 1385-86