103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank TORRES, Defendant-Appellant.
 No. 96-50082.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Dec. 06, 1996.
 
 Before: GOODWIN, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frank Torres appeals the district judge's refusal to adjust downward under Sentencing Guideline § 3B1.2 for his role in the offense. We affirm the district court.
 
 
 3
 Frank Torres was a drug addict. Someone suggested that Torres could make money smuggling drugs from Panama into the United States. This individual gave Torres several thousand dollars, and Torres flew to Panama for four days. Later, this same individual sent Torres back to Panama to do a courier run. Torres says he protested, but he went. Torres spent a week in Panama. Then he ingested 96 latex-covered heroin pellets (weighing almost two pounds) and took a flight to Miami. He was apprehended at the Miami airport.
 
 
 4
 Torres was charged and sentenced under one count of the unlawful importation of heroin under 21 U.S.C. § 952(a).[1] His Presentence Report: (1) found a base offense level of 30 for the unlawful importation of heroin; (2) allowed a downward adjustment of -3 for acceptance of responsibility; (3) computed a criminal history level of 4, and (4) without discussion, allowed no adjustment based on role in the offense. The report also noted factors which could justify a downward departure.
 
 
 5
 The parties accepted 30 as the base offense level and the -3 adjustment for acceptance of responsibility. The parties disputed the criminal history level and the downward adjustment for role in the offense. With respect to the role in the offense, the defense argued that Torres was a mere courier and less culpable than the drug suppliers. The government argued, incorrectly, that as a matter of law Torres was not entitled to a downward adjustment based on role in the offense because he was the only actor in the charged offense. On appeal, the government acknowledges that it had incorrectly argued the legal standard. Neither the judge nor defense counsel, however, explicitly challenged the government's statement of the law.
 
 
 6
 In sentencing Torres, the district court noted both the Presentence Report and the defense objections. The judge then granted Torres' request for a downward departure based on his criminal history, but did not address separately the remaining three issues. Instead, the judge adopted the offense level of 27 from the Presentencing Report, in effect accepting 30 as the base offense level; granting the -3 adjustment for the acceptance of responsibility; and denying any adjustment for role in the offense. In the sentencing order, the judge further commented:
 
 
 7
 This offense involved several affirmative steps taken by the defendant, including flying to Panama and staying there for four days, one month prior to his arrest. On his return trip he stayed for one week, which is confirmed by his passport, and then attempted to enter the United States with almost one kilogram of heroin, a significant amount if one considers the method by which it was transported.
 
 
 8
 The defendant appeared to be truthful in his interview with the probation officer in admitting drug addiction, and readily admitting his voluntary participation.
 
 
 9
 We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Demers, 13 F.3d 1381, 1382 (9th Cir.1994). We review for clear error the district court's ruling on the defendant's role in the offense. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 10
 The Sentencing Guidelines require no special findings, but only that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. U.S.S.G. § 6A1.3(a). This court requires that "the district court ... make clear on the record its resolution of all disputed matters, and ... specific findings of fact are to be encouraged." United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990) (citing United States v. Sanchez-Lopez, 879 F.2d 541, 557-58 (9th Cir.1989).
 
 
 11
 "[A] simple statement that the defendant was not a 'minor participant' will suffice as a factual finding." United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989). The judge need not expressly find that this defendant is less culpable than others. United States v. Flores-Payton, 942 F.2d 556, 561 (9th Cir.1991). Indeed, the judge's finding need not be express, so long as it is clearly evident. So, in Rigby, it was sufficient for the judge to state that he found the Probation Officer's addendum to be correct. Rigby, 896 F.2d at 394.
 
 
 12
 The Sentencing Guidelines make available downward adjustments for role in the offense if the defendant is a "minimal" or "minor" participant in the criminal activity. §§ 3B1.2(a) and (b). A minimal participant is one "who is plainly among the least culpable of those involved in the conduct of the group." U.S.S.G. § 3B1.2, comment. (n. 1). A minor participant is one "who is more culpable than most other participants but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3). These adjustments are "to be used infrequently and only in exceptional circumstances." U.S.S.G. § 3B1.2, comment. (n. 2). The defendant bears the burden of showing that he was a minimal or minor participant. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 13
 The defendant's role in the offense must be determined relative to the "relevant conduct" for which the defendant would be otherwise accountable within the meaning of § 1B1.3(a)(1) of the Sentencing Guidelines. United States v. Demers, 13 F.3d at 1383; Webster, 996 F.2d at 212. This conduct includes "collateral conduct beyond the charged offense," id., and is not limited to the "elements and acts cited in the count of the conviction." U.S.S.G. Ch. 3, Pt. B, intro. comment. Nonetheless, "[a] defendant may be a courier without being either a minimal or a minor participant." United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). "Culpability, not courier status, is the key." United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990) (citation omitted) (superceded by statute on other grounds as stated in United States v. Webster, 996 F.2d 209, 211 (9th Cir.1993)).
 
 
 14
 In this case, the judge expressed all the reasoning and findings required under the standards of the Sentencing Guidelines and appellate review. The judge made his determination after consideration of the Presentence Report, the defendant's objections to the report, and oral argument. The judge therefore met all procedural requirements with respect to denying a downward adjustment for role in the offense. Although the judge did not expressly deny Torres' request for a downward adjustment as a minor participant, he clearly did so by adopting the Presentence Report baseline offense level. The judge therefore made the factual finding required for appellate review.
 
 
 15
 Also, in this case the judge's result is consistent with applicable law. The judge's denial of the downward adjustment is supported by several factors. First, Torres was more than a one-time drug courier. Torres had made a separate, preliminary trip to Panama before becoming a courier. When he returned to Panama to carry the drugs, he stayed for a week before returning. On this basis of this activity, the court could find that Torres was more than a minor participant.
 
 
 16
 Second, Torres was carrying a large amount of heroin. In Lui, 941 F.2d at 849, the court upheld a denial of role in offense adjustment when the courier was carrying a large amount of drugs.
 
 
 17
 Finally, all evidence about Torres's level of involvement comes from testimony from Torres himself. The court can refuse to find that a defendant is a minor participant when the only evidence about the defendant's role comes from "self serving" statements from the defendant himself. See id., at 849. Accordingly, the district court's denial of a downward adjustment based on role in the offense is not an abuse of discretion.
 
 
 18
 Nonetheless, the defense argues that we should remand because the district judge may have applied an incorrect legal standard. In effect, the defense argues by presenting an incorrect legal argument the government creates a presumption of legal error. The defense would require the judge to rebut this presumption either by correcting government counsel or otherwise proving that he was not persuaded.
 
 
 19
 When the government makes an incorrect legal argument, we do not presume that the district court accepted it unless the record proves otherwise. To the contrary, we presume that the district court applies the correct legal standard. We find legal error only if the parties show proof in the court's reasoning or results. Any other standard would burden the district courts with needless extra work. Here, neither the court's decision nor its reasoning suggest that it applied an incorrect legal standard. Accordingly, we assume that the court acted correctly.
 
 
 20
 In this case the court's own description of Torres' case in its sentencing order affirms that the court applied the correct legal standard. In the sentencing order, the judge made particular mention of Torres' two lengthy trips to Panama and the "significant amount" of heroin he was carrying. Either of these factors supports a denial of a downward adjustment under the correct legal standard. The court therefore applied the correct legal standard in this case.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A second count, possession with the intent to distribute heroin under 21 U.S.C. § 841(a)(1) was dropped under a plea bargain