**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chad Eric SUMMERS, Defendant–
Appellant.**

No. 00–50195.
D.C. No. CR–99–00022–RT.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 23, 2001.

Before KOZINSKI, T.G. NELSON and TALLMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose AGUILAR, Defendant–Appellant.**

No. 00–50164.

D.C. No. CR 99–776–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 23, 2001.

MEMORANDUM **

Chad Eric Summers appeals his 37–month sentence imposed following his guilty plea conviction for possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate and remand for resentencing.

We review de novo the district court's interpretation of the Sentencing Guidelines and its application of those guidelines to a particular case for abuse of discretion. *United States v. Rojas–Millan*, 234 F.3d 464, 472 (9th Cir.2000).

Summers contends that the district court erred by denying his request for a mitigating role adjustment pursuant to U.S.S.G § 3B1.2 because the district court misinterpreted and misapplied the sentencing guidelines. We conclude that the district court, not having the benefit of our decision in *Rojas–Millan*, erroneously limited the scope of its evaluation of Summers' role in the offense, and accordingly vacate the sentence and remand for resentencing. *Rojas–Millan*, 234 F.3d at 473–474 (concluding that defendant's culpability should be evaluated relative to all participants in a criminal scheme); *see also United States v. Demers*, 13 F.3d 1381, 1386 (9th Cir.1994) (concluding that the district court must determine whether defendant's role and culpability in larger context of his offense were sufficiently minor or minimal compared to other participants).

VACATED and REMANDED

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).