**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30242 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00009-SEH-1 |
| v. | |
| JOLAINE LEE FLAMMOND, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted July 12, 2012
Seattle, Washington

Before: SCHROEDER, REINHARDT, and M. SMITH, Circuit Judges.

Jolaine Flammond appeals the 84-month sentence imposed following her

guilty plea to possession with intent to distribute five grams or more of actual

(pure) methamphetamine in violation of 21 U.S.C. § 841(a)(1).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The court properly imposed a two-level sentencing enhancement for possession of a firearm during the commission of her offense pursuant to U.S.S.G. § 2D1.1. Flammond concedes in her Reply Brief that she purchased three firearms and gave them to her drug suppliers. Flammond possessed the firearms when she purchased them, and her possession was related to her drug offense because she gave the firearms to her drug suppliers. *See United States v. Pitts*, 6 F.3d 1366, 1372 (9th Cir. 1993). Flammond's acquisition of firearms for her co-conspirators disqualified her for the safety valve described in 18 U.S.C. § 3553(f), which does not apply where the defendant possessed a firearm in connection with the offense.

The district court did not err by including, in its calculation of the total amount of methamphetamine for sentencing purposes, the 200 grams of methamphetamine that Flammond admitted purchasing for distribution over the course of the conspiracy. The court was required to consider "all acts" that were "part of the same course of conduct . . . as the offense of conviction." U.S.S.G § 1B1.3(a)(2). Here, the course of conduct includes all the methamphetamine she purchased for distribution. The amount for sentencing was not limited to the amount of "pure" methamphetamine she possessed at the time of arrest. *See* U.S.S.G. § 1B1.3(a)(2) cmt. n.3; *United States v. Demers*, 13 F.3d 1381, 1385 (9th Cir. 1994).

Finally, Flammond contends that her sentence is unreasonable, but her argument is not persuasive. The district court considered her personal history and, specifically, her efforts at rehabilitation. The sentencing transcript shows that the court explained with particularity why it rejected Flammond's sentencing position. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). Under the totality of the circumstances—including the large quantities of methamphetamine distributed, Flammond's purchase of firearms for upper-level drug suppliers, and the number of people involved—the court did not abuse its discretion by imposing Flammond's sentence, which is within the Guidelines.

Flammond's motion of March 14, 2012, to submit supplemental excerpts of record under seal is GRANTED, and the excerpts are ordered filed.

**AFFIRMED**.