**NOT FOR PUBLICATION**

DEC 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50036 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03261-BEN-1 |
| v. | |
| LUIS ALBERTO ENRIQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 4, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Luis Alberto Enriquez appeals his 96-month sentence for importation of

methamphetamine in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9ᵗʰ Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we vacate his sentence and remand for resentencing.

Enriquez contends that the district court erred at sentencing by refusing to consider him for a minor role adjustment under § 3B1.2 of the United States Sentencing Guidelines Manual. The government argues that Enriquez's claim is subject to plain error review because he did not object at the time the sentence was imposed. We reject that argument. Enriquez argued for the minor role adjustment in his sentencing memorandum and throughout the sentencing hearing, so he was not required to lodge a further objection or exception to the court's ruling in order to preserve his challenge. Fed. R. Crim. P. 51(a); *United States v. Mancinas-Flores*, 588 F.3d 677, 686 (9th Cir. 2009). We review the district court's interpretation of the Guidelines de novo. *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010).[1]

---

[1] The dissent argues that we fail to give the district court the deference it is due. However, our precedents establish that when a district court makes an interpretation of the Guidelines (rather than an application of the Guidelines to the facts of a particular case), that decision is to be reviewed de novo. *Treadwell*, 593 F.3d at 999. Our holding here is limited to the question of whether the district court recognized its discretion to apply the minor role reduction to drug couriers. We do not reach the question of whether Enriquez merits such a reduction on the facts of his case, a ruling which, if it had been made by the district court, would be entitled to the deferential abuse of discretion review for which the dissent argues.

The Guidelines provide that a defendant is entitled to a minor role adjustment if the defendant was "substantially less culpable than the average participant" in the criminal scheme, and explicitly in comment state that a drug courier could be eligible for such an adjustment. U.S. Sentencing Guidelines Manual § 3B1.2 (2011); U.S. Sentencing Guidelines Manual § 3B1.2 cmt. 3(A) (2011) ("[A] defendant . . . whose role in [a drug trafficking offense] was limited to transporting or storing drugs . . . is not precluded from consideration for an adjustment under this guideline."); *United States v. Demers*, 13 F.3d 1381, 1385-86 (9th Cir. 1994) ("[T]he commentary expressly allows for a downward adjustment for a courier . . .").

The district judge stated that, "So far as I'm concerned, . . . [a courier] does not have a minor role. He or she has about as major a role as anyone else does, and that's all there is to it." If this statement was intended as a conclusion that Enriquez could not qualify for a minor role adjustment because of his role as a courier – as it appears to be – then that was error. We have held that if a district court's comments are ambiguous as to whether it had discretion in sentencing, then the proper course is to remand for clarification. *See United States v. Rojas-Millan*,

234 F.3d 464, 475 (9th Cir. 2000).[2]  We view this case as appropriate for such

clarification.  Further, if the district court's statement was a categorical exclusion

of minor role adjustments for couriers, the error was not harmless because a district

court must properly calculate a defendant's Guideline range before considering

whether to depart from that range.  *See United States v. Munoz-Camarena*, 631

F.3d 1028, 1031 (9th Cir. 2011) (per curiam).

We remand to the district court to consider whether Enriquez was

"substantially less culpable than the average participant" in his criminal scheme, to

recalculate Enriquez' Guideline range after making that determination with a

---

[2] When a district court is unclear about whether it has discretion to impose a particular sentence under the Guidelines, the overwhelming majority of the Circuits follow the same practice of remanding for clarification.  *See, e.g., United States v. Smith*, 278 F.3d 605, 611 (6th Cir. 2002); *United States v. Powell*, 269 F.3d 175, 179–80 (3rd Cir. 2001); *United States v. Aramony*, 166 F.3d 655, 665 (4th Cir. 1999); *United States v. Vahovick*, 160 F.3d 395, 398–99 (7th Cir. 1998); *United States v. Graham*, 83 F.3d 1466, 1481 (D.C. Cir. 1996); *United States v. Gifford*, 17 F.3d 462, 474-75 (1st Cir. 1994).  *But see United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999) ("[W]e treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart.").

recognition of discretion, and then to impose sentence. U.S. Sentencing Guidelines Manual § 3B1.2.[3]

**VACATED and REMANDED.**

---

[3] Because we vacate Enriquez's sentence based on his first claim, we do not reach his second claim of error regarding whether the district court improperly considered Enriquez' lack of a plea bargain when he pled guilty as a factor in his sentence.

*United States v. Enriquez*, No. 12-50036 (Pasadena-November 4, 2013)

BYBEE, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that Enriquez preserved his arguments with his sentencing memorandum and his counsel's statements during the sentencing hearing. I also agree, that in some circumstances, drug couriers are eligible for a minor role adjustment under § 3B1.2 of the United States Sentencing Guidelines. But the majority veers off course by applying de novo review,"view[ing] this case as appropriate for . . . clarification" because the "district court's comments [we]re ambiguous as to whether it had discretion." Maj. Op. at 3.

We review a district court's application of the Sentencing Guidelines to the facts of a case for an abuse of discretion. *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). A district court's finding that a defendant does not qualify for a mitigating role reduction is a "determination that is heavily dependent upon the facts of the particular case," U.S. Sentencing Guidelines Manual § 3B1.2., cmt. 3(C) (2013), and will be upheld unless clearly erroneous. *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994).

Here, the majority fails to "give the district court a great degree of deference." *United States v. Rosas,* 615 F.3d 1058, 1066-67 (9th Cir. 2010). There are two problems with the majority's analysis. First, it is premised on an incorrect reading of the record. The district court never held that couriers are

ineligible for the minor role reduction. In fact, the district court said the exact opposite: "every case has to be considered on its own merits." The district court also demonstrated its consideration of the minor role reduction during its colloquy with counsel by asking whether Enriquez's sentencing recommendation was based on "credit twice for minor role" and by discussing the base level offense reductions that were potentially available. Furthermore, there is nothing ambiguous about the court's statement that Enriquez was "not precluded from it [the minor role reduction] but . . . [i]t doesn't mean that we have to [give the reduction]."

Admittedly, the district court expressed reservations about the minor role reduction, but we have previously upheld sentencing decisions in similar situations. For example, the appeal in *United States v. Rodriguez-Castro* centered on an assertion that the district court denied the minor-role adjustment because of a policy disagreement. *Id.*, 641 F.3d at 1192-93. Despite the district court's critiques, we affirmed the sentence because the district court made an individualized assessment and "possession of a substantial amount of narcotics was grounds for refusing to grant a sentence reduction." *Id.* at 1193 (internal quotations and citation omitted). *See also United States Buenrostro*, 868 F.2d 135, 138 (1989) (upholding a district court's decision not to give a role reduction because couriers "own activity and their own conduct together with their own

2

intent to bring the narcotics into the United States and get them past that last roadblock is an important, critical event in the tracking of narcotics. And, therefore, it is not minor, it is not minimal.").

Second, *United States v. Rojas-Millen*, 234 F.3d 464 (9th Cir. 2000), is inapposite. In *Rojas-Millen*, the district court expressed frustration with the vagueness of the Sentencing Guidelines' downward departure for aberrant behavior. 234 F.3d at 474. It further complained that the "guidelines have failed us. We cannot shape a sentence . . . as we should be able to." *Id.* Then, without any additional findings, the district court rejected the request for a downward departure. *Id.* By contrast, the district court here understood the minor role adjustment and had no difficulty shaping a sentence. More importantly, this case also differs from *Rojas-Millen* because the district court articulated reasons for denying the minor role reduction, including the fact that Enriquez attempted to transport over *twenty-two pounds* of methamphetamine into the United States.

To summarize, the majority misreads the record and relies on an irrelevant case. Based on these two errors, the majority applies de novo review and vacates Enriquez's sentence even though there is nothing in the record that creates a "'definitive and firm conviction that a mistake has been committed.'" *Rosas*, 615 F.3d at 1066 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

3

The district court correctly applied all of the § 3553(a) factors, and considered Enriquez's particular circumstances.[1] The court then gave Enriquez several other sentencing reductions based on its findings before ultimately sentencing Enriquez to *thirty-nine months* below the low end of the sentencing range. I see no reason to disturb the district court's decision, and accordingly dissent from the majority's holding to the contrary.

---

[1] The court specifically acknowledged Enriquez's remorse, acceptance of responsibility, unfortunate involvement with a woman who preyed upon Enriquez while he was in a fragile emotional state, his mother's health issues, and Enriquez's work as an ordained pastor.