UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlton Wilfred WEBSTER,
Defendant–Appellant.

No. 90–50699.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1993.

Decided June 11, 1993.

As Amended July 13, 1993.

Judith Rochlin, Los Angeles, CA, for defendant-appellant.

Jeffrey B. Isaacs, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, POOLE, and NOONAN, Circuit Judges.

PER CURIAM:

Carlton Webster was arrested at Los Angeles Airport with two gallons of phencyclidine (PCP) in his suitcase. A jury found Webster guilty of possession with intent to distribute PCP in violation of 21 U.S.C. § 841(a)(1). At sentencing, Webster claimed he was only a courier and not a principal, and requested either a downward adjustment or a downward departure. The district court denied both.

## I. Downward Departure.[1]

Webster relies on *United States v. Valdez–Gonzalez*, 957 F.2d 643 (9th Cir. 1992), which held a downward departure for a drug courier may be appropriate because "the [limited] role in the drug trade played by 'mules' may constitute a mitigating circumstance of a kind or to a degree that the Sentencing Commission did not take into consideration in formulating the guidelines." *Id.* at 650. We noted, "[t]o a limited extent, the Guidelines take into account a defendant's role in an offense by providing for a downward *adjustment* in offense level when a defendant is a minor or minimal participant," *id.* at 647–48 (citing U.S.S.G. § 3B1.2) (emphasis in original), but that this adjustment was not available because the defendants "were the sole participants in the offenses to which they pleaded guilty," *id.* at 648. This conclusion rested in turn on *United States v. Zweber*, 913 F.2d 705 (9th Cir. 1990), in which we said U.S.S.G. § 3B1.2 "specifically requires the court to adjust only for the defendant's role in the conviction offense, not in charged or uncharged collateral conduct," and held "the role in the collateral conduct may not itself serve as the basis for a role adjustment." *Id.* at 709.

1. "Although a district court's decision not to depart normally is not reviewable, we will review de novo a district court's legal determination that the Guidelines prevent departure if the court indicates it would otherwise have departed." *United States v. Belden*, 957 F.2d 671, 676 (9th Cir.1992) (citation omitted). The district judge made it clear he would have reduced the sentence except for his belief that he was legally precluded from doing so, saying, "I can't find any way to legally depart from those Guidelines. I couldn't make it any clearer that I feel the sentence is highly inappropriate." The government argues the court's refusal to depart downward was not based on the court's belief that it lacked authority to depart, but upon the large amount of a dangerous drug involved and the court's conclusion that Webster was more than a courier. However, the court's observations that PCP is dangerous and that Webster was carrying a substantial amount of the drug were not stated as reasons for denying either a departure or an adjustment, and the court accepted Webster's claim he was a courier, saying, "This fellow doesn't appear to be much more than what we used to call a courier."

The statements in *Zweber* and *Valdez–Gonzalez* that downward adjustments may not be based on relevant but uncharged conduct are no longer valid because of the subsequent adoption by the Sentencing Commission of amendment 345 to the introductory commentary to Chapter Three, Part B of the Guidelines. *See Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993) ("commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline"). Amendment 345 provides that "[t]he determination of the defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), *i.e.*, all conduct included under § 1B1.3(a)(1)–(4), and not solely on the basis of elements and acts cited in the count of conviction." *See also United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991) (assuming defendant who smuggled heroin through Los Angeles airport may be eligible for a downward adjustment as a courier); *United States v. Lillard*, 929 F.2d 500, 503 (9th Cir.1991) (amendment 345 allows district courts to consider all relevant conduct when considering whether to impose an upward adjustment under U.S.S.G. § 3B1.1). In light of amendment 345, it can no longer be said that the Commission has not taken into account the extent of a defendant's participation in the unlawful conduct, and a downward departure on this ground alone is no longer appropriate.[2] Other circuits have reached the same conclusion.[3]

Amendment 345 went into effect on November 1, 1990, after the date of Webster's offense, but before his sentencing on November 28, and applies to Webster's sentence.[4] Webster has made no showing that his role was in any way unusual compared to other couriers or that his culpability was less than other couriers. Accordingly, we conclude Webster is not eligible for a downward departure based on his alleged status as a drug courier. By the same token, however, Webster's alleged role as a courier may now make him eligible for a downward adjustment.

## II. *Downward Adjustment.*

The district court denied Webster's request for a minor participant adjustment,

---

2. We need not decide whether amendment 345 forecloses the possibility of a downward departure in circumstances similar to those of the defendants in *Valdez–Gonzalez*.

3. *See United States v. Ruiz–Batista*, 956 F.2d 351, 353 (1st Cir.1992); *United States v. Saucedo*, 950 F.2d 1508, 1513 (10th Cir.1991); *United States v. Caballero*, 936 F.2d 1292, 1298–99 (D.C.Cir. 1991); *United States v. Perdomo*, 927 F.2d 111, 116–17 (2d Cir.1991); *United States v. Rodriguez*, 925 F.2d 107, 111 (5th Cir.1991); *United States v. Fells*, 920 F.2d 1179, 1184–85 (4th Cir.1990).

This does not mean the result in *Zweber* was wrong. As we observed in *Lillard*,
[t]he new commentary, added after this court's decision in *Zweber*, is not inconsistent with that *decision* as to § 3B1.2. The defendants in *Zweber* wanted the court to consider their mitigating roles in the context of a large drug conspiracy, rather than their aggravating roles in the one conviction count of drug distribution.... The commentary follows *Zweber*: "where the defendant has received mitigation by virtue of being convicted of an offense significantly less serious than his actual criminal conduct, ... a further reduction in the offense level under § 3B1.2 ... ordinarily is not warranted...." U.S.S.G. Ch. 3, Pt.B, intro. comment.

4. "Normally, a district court is to apply the version of the Sentencing Guidelines in effect on the date of sentencing." *United States v. Warren*, 980 F.2d 1300, 1304 (9th Cir.1992). "We have recognized an exception to this rule in cases where amended versions of the Sentencing Guidelines are ex post facto." *Id.* Application of amendment 345 to Webster does not violate the ex post facto clause:

This court has already determined that the introductory commentary to Chapter 3 merely clarified section 3B1.1. *Lillard*, 929 F.2d at 503. Amendments that clarify, rather than substantively change, the guidelines do not present *ex post facto* issues when they are applied retrospectively. [*United States v.*] *Restrepo*, 903 F.2d [648,] 656 [ (9th Cir.1990), *modified on other grounds*, 946 F.2d 654 (9th Cir.1991) ]. Thus [defendant's] argument fails. *United States v. Scarano*, 975 F.2d 580, 587 (9th Cir.1992). *Compare United States v. Saucedo*, 950 F.2d 1508, 1513–16 (10th Cir.1991) (application of amendment 345 would violate the ex post facto clause because it overruled circuit precedent and resulted in a three level upward adjustment in Saucedo's offense level).

929 F.2d at 503 (emphasis added); *see also United States v. Olibrices*, 979 F.2d 1557, 1559–61 (D.C.Cir.1992); U.S.S.G. § 3B1.2, application note 4.

stating, "he's charged with the possession with intent to distribute, and he is the possessor and he is going to distribute it, and for me to say that he's a minor participant in that is really, really stretching it."

These comments indicate the court believed there was no basis for an adjustment because Webster was not a minor participant in the *charged* conduct of possession with intent to distribute. As we have seen, however, the amended guidelines permit district courts to consider all relevant conduct, including collateral conduct beyond the charged offense.

■ We agree with the Court of Appeals for the District of Columbia Circuit that for a defendant to be eligible for a minor participant adjustment where he was the sole participant in the offense of conviction,

> the evidence available to the court at sentencing must, at a minimum, show (i) that the "relevant conduct" for which the defendant would, within the meaning of section 1B1.3(a)(1), be otherwise accountable involved more than one participant (as defined in section 3B1.1, comment. (n. 1)) and (ii) that the defendant's culpability for such conduct was relatively minor compared to that of the other participant(s).

*United States v. Caballero*, 936 F.2d 1292, 1299 (D.C.Cir.,1991); *see also United States v. Petti*, 973 F.2d 1441, 1447 (9th Cir.1992).

■ The district court made no factual findings regarding Webster's role and culpability in the larger context of his offense. In the absence of such findings, we cannot determine whether Webster is entitled to the adjustment.[5] Accordingly, we vacate the sentence and remand to permit the district court to make this determination.

5. The court referred to the fact that Webster carried "a substantial amount" of PCP. Although a finding that Webster carried a substantial amount of PCP would foreclose a minimal participant adjustment, it does not prevent an adjustment for minor participation. *Compare* U.S.S.G. § 3B1.2, application note 2 ("the downward adjustment for a minimal participant ... would be appropriate ... where an individual was recruited as a courier for a single smuggling transaction involving a *small amount* of drugs") (emphasis added), *with id.* application note 3 ("a minor participant means any participant who is

The sentence is vacated and the case is remanded for resentencing.

less culpable than most other participants, but whose role could not be described as minimal"). Although the amount of contraband may be relevant to whether a defendant is a minor participant, *see United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989), we have never held possession of a large amount of drugs necessarily forecloses the availability of a minor participant adjustment.