24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Robert KEARNEY, Defendant-Appellant.
 No. 93-30301.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Robert Kearney appeals his 46-month sentence imposed following his guilty plea to knowing possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). Kearney contends the district court erred by failing to grant a two-level downward adjustment for being a minor participant pursuant to U.S.S.G. Sec. 3B1.2. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 We review de novo a district court's interpretation of the Guidelines. United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990). We review for clear error a district court's factual determination that a defendant is not a minor participant in the offense. United States v. Hatley, 15 F.3d 856, 859-60 (9th Cir.1994).
 
 
 4
 Section 3B1.2(b) provides for a two-level downward adjustment for a minor participant, defined as a defendant less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. Sec. 3B1.2(b). Merely being less culpable than a codefendant does not automatically entitle a defendant to a minor participant adjustment. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). A minor participant adjustment is permitted for a sole participant in an offense of conviction if the defendant's "relevant conduct" under U.S.S.G. Sec. 1B1.3(a)(1) involved more than one participant. United States v. Webster, 996 F.2d 209, 212 (9th Cir.1993). Further, a district court sentencing a defendant after November 1, 1990 must consider all relevant conduct, not just conduct cited in the count of conviction, when determining whether a defendant was a minor participant. Hatley, 15 F.3d at 859. Relevant conduct includes all acts and omissions committed, aided, abetted, counseled, or willfully caused that occurred in preparation for that offense. U.S.S.G. Sec. 1B1.3(a)(1)(A). A defendant has the burden of proving his minor role by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 5
 Here, both Kearney and his brother, James Kearney, pleaded guilty to possession of an unregistered, sawed-off shotgun. In Kearney's plea agreement, the government stipulated that no evidence existed to suggest that Kearney had owned the shotgun or that he "used, or intended to use, this weapon in any criminal activity." At his sentencing on July 7, 1993, Kearney argued that he was a minor participant because his brother James was more culpable based upon James's admitted ownership of the shotgun. The district court refused the adjustment, explaining that a defendant who is the sole participant in the offense of conviction is not eligible for a minor participant adjustment and that only acts relevant to the elements of the offense should be considered.
 
 
 6
 Because a sole participant in an offense may be eligible for a minor participant adjustment and because the Guidelines require the district court to consider all relevant conduct, including collateral conduct beyond the charged offense, in determining a defendant's role, we vacate Kearney's sentence. See Webster, 996 F.2d at 212. On remand, the district court is to make factual findings regarding Kearney's role and culpability in the larger context of the offense and to decide whether an adjustment is warranted on this basis.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kearney's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3