26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jairo Sabogal PENA, Defendant-Appellant.
 No. 93-50063.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided June 7, 1994.
 
 1
 Before: BROWNING, and FLETCHER, Circuit Judges, and FITZGERALD,** District Judge
 
 
 2
 MEMORANDUM***
 
 I.
 
 3
 The district court found: (1) the defendant was trusted with a very large amount of cocaine; (2) he not only transferred the cocaine, but also stored the cocaine and took an inventory of it; (3) given the amount of cocaine involved, the defendant probably had been involved in this type of conduct before. These findings are not clearly erroneous and support the district court's conclusion that defendant was not a minimal participant in the offense. U.S.S.G. Sec. 3B1.2 comment. (n. 2) (minimal participant adjustment appropriate where "an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs"); United States v. Webster, 996 F.2d 209, 212 n. 5 (9th Cir.1993) (holding that "a finding that [defendant] carried a substantial amount of PCP would foreclose a minimal participant adjustment," though "it does not prevent an adjustment for minor participation"); United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (holding that a "defendant may be a courier without being either a minimal or a minor participant" and that "possession of a substantial amount narcotics is grounds for refusing to grant a sentence reduction").
 
 II.
 
 4
 The defendant is entitled to an extra one-level adjustment under section 3E1.1(b)(2) of the Sentencing Guidelines if his offer to enter a plea of guilty "permit[s] the government to avoid preparing for trial and permit[s] the court to allocate its resources efficiently...." The defendant's offer to enter a plea, subject to a major condition, does not meet these criteria. U.S.S.G. Sec. 3E1.1(b)(2) comment. (backg'd) ("[Defendant must] accept responsibility in a way that ensures the certainty of his just punishment in a timely manner...."); United States v. Morillo, 8 F.3d 864, 872 (1st Cir.1993).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App. 34(a)
 
 
 **
 Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3