51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis FERRET-CASTELLANOS, Defendant-Appellant.
 No. 94-50262.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1995.
Decided March 24, 1995.
 
 IN PART, VACATED and REMANDED IN PART.
 Before: FERGUSON, BEEZER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Luis Ferret-Castellanos appeals his conviction and sentence for possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841. He contends that the evidence was insufficient to support his conviction and that the district court improperly admitted into evidence a pair of boxer shorts that were unduly prejudicial. Ferret-Castellanos also argues that the district court erred in determining it lacked the authority to consider a role adjustment under the sentencing guidelines. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm the conviction but reverse and remand the sentence for further consideration consistent with this memorandum.
 
 
 3
 * Ferret-Castellanos, the sole-occupant of a vehicle, was stopped at an immigration checkpoint in Imperial County, California. After receiving Ferret-Castellanos' consent to search the vehicle and use a narcotics detector dog, the border patrol discovered approximately 40 kilograms of cocaine in a hidden floor compartment. Ferret-Castellanos told the border patrol, and later testified at trial, that he was a mechanic and was driving the vehicle across the border for a customer. He claimed to have no knowledge of the cocaine in the vehicle.
 
 
 4
 At trial, the government introduced in rebuttal, over defendant's objection, a pair of boxer shorts bearing the picture of a man in a prison outfit attached to a ball and chain. The ball was similar to an "eight ball" used in pool. A government witness had testified that "eight ball" is used to describe a dosage of cocaine. The boxer shorts were found in the vehicle with other items of clothing. During closing argument, the government argued that the shorts rebutted Ferret-Castellanos' claim that he was ignorant of any matters relating to the use and possession of cocaine.
 
 
 5
 The jury found Ferret-Castellanos guilty of knowing possession of cocaine with intent to distribute. The district court sentenced Ferret-Castellanos to 151 months. In so doing, the district court denied Ferret-Castellanos' request for a role adjustment concluding it was unavailable because of the large amount of cocaine found in the vehicle. This appeal followed.
 
 II
 
 6
 Ferret-Castellanos contends that the evidence was insufficient to support his conviction for a knowing possession of cocaine with the intent to distribute. The evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Lennick, 18 F.3d 814, 819 (9th Cir.1994), cert. denied, 115 S.Ct. 162 (1994).
 
 
 7
 Ferret-Castellanos claim is without merit. "Possession of a large quantity of cocaine alone may be sufficient to infer both knowledge and intent." United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991) (citing United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied 488 U.S. 943 (1988)). The large amount of cocaine found in the vehicle he was driving, coupled with the testimony by the officers that Ferret-Castellanos was nervous at the border stop and gave conflicting answers about the ownership of the vehicle and where he was going, sufficiently support the conviction.
 
 III
 
 8
 Ferret-Castellanos next argues that the district court erred in failing to exclude the boxer shorts because they were irrelevant and unduly prejudicial. We review the district court's ruling on both claims for abuse of discretion and find none. United States v. Gilley, 836 F.2d 1206, 1213 (9th Cir.1988).
 
 
 9
 Evidence is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Ferret-Castellanos claimed to have no knowledge of cocaine or drugs. The district court concluded that in light of the testimony that cocaine was sold on the street in "eight ball" quantities, and that the boxer shorts were found in a bag in the trunk of the vehicle, the shorts were relevant to establish the defendant's knowledge of drug use or distribution. This conclusion was not in error.
 
 
 10
 Ferret-Castellanos also maintains that the boxer shorts have little probative value and admission of the shorts was unfairly prejudicial. He argues that the district court abused its discretion in not excluding the boxer shorts pursuant to Rule 403. Rule 403, however, requires that "the danger of prejudice must not merely outweigh the probative value of the evidence, but substantially outweigh it." United States v. Mende, 43 F.3d 1298, 1302 (9th Cir.1995) (emphasis in original). The district court considered the evidence and concluded it was probative to rebut Ferret-Castellanos claim that he had no knowledge about drugs. Although prejudicial, the shorts were not unduly so and admission of the shorts was not an abuse of discretion.[1]
 
 IV
 
 11
 In sentencing Ferret-Castellanos, the district court denied him a role adjustment because of the substantial quantity of cocaine found in the vehicle. Ferret-Castellanos contends that the district court improperly concluded that, because of the drug quantity, it lacked the authority to adjust his offense level for being a minor participant. We review the district court's interpretation and application of the guidelines de novo. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990).
 
 
 12
 Section 3B1.2 provides a four level decrease in the base offense level for minimal participants and a two level decrease for minor participants. In accordance with application note 2 to the guideline, a finding that the defendant carried a substantial quantity of drugs would preclude a minimal participant adjustment. United States v. Webster, 996 F.2d 209, 212 n. 5 (9th Cir.1993). The same is not true of a minor participant adjustment. Although the quantity of the drugs may be relevant, "we have never held possession of a large amount of drugs necessarily forecloses the availability of a minor participant adjustment." Id. The district court summarily concluded that the role adjustment was unavailable based on the drug quantity without distinguishing between minor or minimal participation and without any other factual findings to support the denial of the adjustment. Because a role adjustment for minor participants is not foreclosed by possession of a large quantity of drugs, we remand to permit the district court to consider a minor participant role adjustment in resentencing.[2]
 
 V
 
 13
 Ferret-Castellanos' conviction is supported by sufficient evidence and was not unduly prejudiced by the admission of the pair of boxer shorts. The district court, however, erred in concluding that Ferret-Castellanos was not entitled to a role adjustment as a minor participant solely because of the drug quantity involved. Accordingly, we affirm Ferret-Castellanos' conviction, but vacate his sentence and remand for resentencing.
 
 
 14
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 NOONAN, Circuit Judge, dissenting:
 
 15
 The boxer shorts were admitted to prove an important point: that they rebutted Ferret-Castellanos's claim that he had no knowledge about drugs. A vital step was missing in admitting this prejudicial evidence: there was no evidence of his ownership or purchase of the shorts. Consequently, the jury was permitted to infer his knowledgability of drugs from a garment that was presented as linking him to drug trafficking, while there was no proved link between him and the garment. The manifest prejudice to him on the question of his knowledge far outweighed the slight or nil probative force of the evidence admitted.
 
 
 16
 I would reverse.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Ferret-Castellanos' reliance on United States v. Hitt, 981 F.2d 422 (9th Cir.1992), is misplaced. In Hitt we found the admission of a photograph of multiple firearms to be unduly prejudicial to the defendant where he only owned one of the firearms in the photograph. We recognized that firearms fall into a unique category of evidence that "often have a visceral impact that far exceeds their probative value." Id. at 424. Because the photograph was not probative for the reason it was introduced, and because the photograph itself was highly prejudicial because of the inclusion of the multiple firearms, we found its admission an abuse of discretion. Unlike Hitt, this case deals with a single piece of evidence that can be directly tied to the defendant and is probative on the issue of knowledge, the reason it was introduced
 
 
 [2]
 The government argues that Ferret-Castellanos in fact moved for a departure, not a role adjustment, before the district court and is therefore precluded from raising it on appeal. We disagree. It is clear from the record that both counsel and the district court understood Ferret-Castellanos' request as one for a role adjustment pursuant to section 3B1.2