61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Celedonio Rodriguez HERNANDEZ, aka Celedonio Hernandez
Rodriguez, Defendant-Appellant.
 No. 94-50092.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 18, 1995.
 
 Before: LAY,** BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Celedonio Hernandez appeals his sentence and jury conviction under 21 U.S.C. Sec. 841(a)(1) for his involvement in the distribution of approximately 149 kilograms of cocaine. He contends there is insufficient evidence of the elements of distribution, that the district court erred by failing to adjust his offense level downward for being a minimal or minor participant pursuant to U.S.S.G. Sec. 3B1.2, and that he was sentenced for the wrong offense. We affirm.
 
 I. Sufficiency of evidence
 
 3
 Hernandez' contention that the evidence was unreliable, inconsistent, and failed to prove he had possession of the cocaine lacks merit. Sufficient evidence was presented such that a rational jury could find Hernandez had knowledge of and exercised dominion and control over the cocaine at the time of distribution. See United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir. 1989); United States v. Vasquez-Chan, 978 F.2d 546, 550 (9th Cir. 1992).
 
 II. Minimal/Minor participation
 
 4
 Hernandez was not entitled to a minimal participation reduction. The district court's findings that Hernandez facilitated the distribution of nearly 150 kilograms of cocaine and was trusted with responsibility are not clearly erroneous. See U.S.S.G. Sec. 3B1.2, App. Note 2; United States v. Davis, 36 F.3d 1424, 1436 (9th Cir. 1994); United States v. Webster, 996 F.2d 209, 212 n.5 (9th Cir. 1993).
 
 
 5
 The district court did not fail to determine whether Hernandez was a minor participant. The district court gave Hernandez full opportunity to present his position and made a clear resolution on the record that the quantity of narcotics and Hernandez' facilitating role foreclosed a minor participation reduction. See United States v. Flores-Payon, 942 F.2d 556, 561 (9th Cir. 1991); Webster, 996 F.2d at 212 (n.5).
 
 III. Distribution sentence
 
 6
 Hernandez was not sentenced for the wrong offense. The district court explicitly relied on the indictment for distribution in determining sentence, and any error that may have occurred was nevertheless harmless. See U.S.S.G. Sec. 2D1.1.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3