76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Heriberto CARRILLO, aka: Juan H. Carrillo, Defendant-Appellant.
 No. 95-50025.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1995.*
Decided Jan. 25, 1996.
 
 1
 Before: CHOY, SNEED, and FERGUSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Juan H. Carrillo appeals his sentence following entry of a guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Carrillo contends the district court erred by denying his request for a mitigating role reduction for minor or minimal participation pursuant to U.S.S.G. § 3B1.2. We affirm.
 
 
 4
 Specifically, Carrillo argues that the district court erred: (1) in finding that he was not eligible for the reduction because of the amount of drugs involved; and (2) in failing to consider all relevant conduct in determining whether to grant the reduction.
 
 
 5
 U.S.S.G. § 3B1.2 provides for a two to four level downward adjustment in the base offense level when a defendant's minor or minimal role in the offense renders him less culpable than most other participants. Possession of a substantial amount of narcotics is ground for refusing to grant a mitigating role adjustment. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 6
 Carrillo failed to establish that his role and culpability were sufficiently minor. Although Carrillo was a courier, other factors demonstrate that he was not a minor participant. Carillo's fingerprints were on two of the kilogram packages; he was carrying twenty kilograms of cocaine; and he was prepared to accept three thousand dollars for the transaction. These factors indicate that he was not merely a "blind carrier" of the cocaine, but was entrusted with the responsibility of transporting a substantial amount of narcotics. Therefore, the district court properly denied Carrillo's mitigating role reduction.
 
 
 7
 The sentencing guidelines also permit the court to consider collateral conduct. United States v. Webster, 996 F.2d 209, 212 (9th Cir.1993). However, "relevant conduct" does not incorporate aspects of a defendant's life or character and does not pertain to past criminal activity. See U.S.S.G. § 1B1.3. Carillo's arguments regarding his lack of past criminal history and legitimate employment history are misplaced under a "relevant conduct" analysis. Accordingly, the district court was correct in finding that Carrillo is not entitled to a downward adjustment under U.S.S.G. § 3B1.2. The decision of the district court is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3