86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel GONZALEZ-QUIROZ, Defendant-Appellant.
 No. 95-50304.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Gonzalez-Quiroz appeals his 27-month sentence following the entry of a guilty plea to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Gonzalez-Quiroz asserts that the district court erred by denying him a downward adjustment for his minor role because the court impermissibly double counted information in a presentence report ("PSR") from an unrelated case. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the court's finding that a defendant was not a minor participant, United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994), and affirm.
 
 
 3
 "[Impermissible double counting] occurs where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." United States v. Reese, 2 F.3d 870, 895 (9th Cir.1993), cert. denied, 114 S.Ct. 928 (1994). Adjustments for minor role are to be granted infrequently, and a defendant must be "substantially less culpable than the average participant" to merit a minor role reduction. U.S.S.G. § 3B1.2(b), comment. (backg'd.); Pinkney, 15 F.3d at 828. Where a defendant was the sole participant in the offense of conviction, the evidence available at sentencing must show that the "relevant conduct" involved more than one participant and the defendant's culpability for such conduct must have been relatively minor compared to that of other participants. United States v. Webster, 996 F.2d 209, 212 (9th Cir.1993) (per curiam).
 
 
 4
 Here, the district court's review of the PSR in Gonzalez-Quiroz's other case does not amount to "double counting." See Reese, 2 F.3d at 895; see also United States v. Duque, 62 F.3d 1146, 1152 (9th Cir.1995) (explaining that Sentencing Guidelines authorize consideration of relevant conduct outside charged offense). Moreover, based on the particular facts of this case, we need not decide whether the district court's review of the second PSR was improper. Even without the second PSR, the district court possessed enough information at the time of sentencing to conclude that Gonzalez-Quiroz was ineligible for a minor role adjustment. The PSR in the instant case was prepared with the knowledge of the other pending case and, in fact, made reference to Gonzalez-Quiroz's guilty plea in that case. Additionally, Gonzalez-Quiroz's attorney and the government's attorney negotiated the terms of the plea agreement in this case after Gonzalez-Quiroz's attorney became aware of the other case, and agreed that the sentence in this case should run concurrent with whatever sentence Gonzalez-Quiroz would receive in his other case. Based on the record, the district court did not clearly err by finding that Gonzalez-Quiroz was not a minor participant. See Pinkney, 15 F.3d at 828.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3