124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo FRANCO-RUELAS, Defendant-Appellant.
 No. 97-50117.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997.**
Decided September 29, 1997.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, Chief Judge, Presiding; No. CR-96-02207-1-JNK.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rodolfo Franco-Ruelas appeals his 78-month sentence imposed following his guilty plea to importation of amphetamine in violation of 21 U.S.C. §§ 952 and 960. Franco-Ruelas contends the district court erred by denying his request for minor or minimal participant reduction pursuant to U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 A defendant who acts as a drug courier may be entitled to a minimal role adjustment, but such an adjustment is not required. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994); U.S.S.G § 3B1.2. "A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous." See Davis, 36 f.3d at 1436. "[T]his court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Id. "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." Id. Courier status is not established when the only evidence is the defendant's self-serving statements about his role in the drug organization. See United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). A sentence reduction is not required where the defendant possessed a substantial amount of illegal drugs. See United States v. Webster, 996 F.2d 209, 212 n. 5 (9th Cir.1993).
 
 
 4
 Here, the only evidence that Franco-Ruelas was a courier was his own self-serving statements. See Lui, 941 F.2d at 849. Moreover, Franco-Ruelas possessed and transported 12.73 kilograms of amphetamine, a substantial amount of illegal drugs. See Webster, 996 F.2d at 212 n. 5. Accordingly, the district court did not clearly err by determining that Franco-Ruelas was neither a minimal nor a minor participant in the offense. See Davis, 36 F.3d at. 1436-37; see also Lui, 941 F.2d at 849.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3