131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Adolfo Irene Alvarez SOTOPAZ, Defendant-Appellant.
 No. 97-50229.
 United States Court of Appeals, Ninth Circuit.
 Dec. 3, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California Honorable Irma E. Gonzalez, District Judge, Presiding Argued and Submitted October 9, 1997 Pasadena, California
 
 
 2
 Before: REINHARDT and TASHIMA, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 On September 27, 1996, Adolfo Sotopaz, a former municipal police officer in Sonora Mexico, drove a vehicle containing 35.7 kilograms of marijuana from Mexico to the San Ysidoro, California Port of Entry. On December 9, 1996, Sotopaz entered pleas of guilty to the importation of marijuana in violation of 21 U.S.C. §§ 952 and 960 and to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1).
 
 
 5
 Sotopaz was sentenced March 3, 1997 to serve a term of imprisonment of 18 months, based on the trial judge's calculation of a base offense level of eighteen, reduced three levels for acceptance of responsibility to an adjusted offense level of fifteen, and a Criminal History Category of 1. Sotopaz claims that he was entitled to a role reduction under 3B1.2 of the United States Sentencing Guidelines because he was only a courier less culpable than other participants in a drug trafficking organization.
 
 
 6
 Sotopaz initially raised his claim for a mitigating role reduction at the sentencing hearing. The trial judge rejected his motion, finding that two years before, Sotopaz had attempted to illegally transport marijuana from Mexico into the United States. On the previous occasion, he was able to escape and flee back into Mexico. The trial judge reasoned that Sotopaz was a person who had previously attempted to transport drugs across the border, had considered the circumstances of the previous attempt, and elected to risk illegal transportation of drugs a second time.
 
 
 7
 Sotopaz's principal contention is that the district court's decision not to apply a mitigating role adjustment under U.S.S.G. § 3B1.2 should be reviewed de novo, particularly where the facts are undisputed and the question on appeal is a legal issue. Koon v. United States, 116 S.Ct. 2035 (1996).
 
 
 8
 Sotopaz's contention is without merit. The Supreme Court in Koon endorsed the rule that the courts of appeals in guidelines cases should apply a unitary abuse of discretion standard. "The abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Koon, 116 S.Ct. at 2048. See also United States v. Mendoza, 121 F.3d 510, 523 (9th Cir.1997) ("We review the district court's decision regarding departure under a unitary abuse-of-discretion standard.") (citation omitted). Sotopaz also contends that we should be guided by Ornelas v. United States, 116 S.Ct. 1657 (1996), which held that the Court of Appeals should review de novo the district court's determination that a police officer had reasonable suspicion to stop two individuals and probable cause to conduct a warrantless search. Ornelas, addresses Fourth Amendment issues exclusively, and does not apply to the Sentencing Guidelines.
 
 
 9
 Section 3B1.2 of the sentencing guidelines provides for reduction in the offense level for minimal or minor participants in any criminal activity, The commentary to § 3B1.2 states that a reduction based on minimal participation is "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, Application Note 1. The commentary states further that the downward adjustment for a minimal participant will be used infrequently. Id. at Application Note 2. A minor participant, on the other hand, is one "who is less culpable than most other participants, but whose role could not be described as minimal." Id. at Application Note 3. Additionally, the determination of whether to apply a mitigating role adjustment "involves a determination that is heavily dependent upon the facts of the particular case." Id. at Background Note.
 
 
 10
 In addressing Sotopaz's motion for downward departure, the trial judge observed that he had been previously stopped at the border for a similar attempt to smuggle marijuana into the United States, and appeared to be a person who was relied upon by the organization to transport marijuana. For the above reasons, the trial court found that Sotopaz was more than a normal courier.
 
 
 11
 Sotopaz contends that it is an open question in this circuit whether one who is solely a courier is automatically entitled to a reduction for his role in the offense. United States v. Davis, 36 F.3d 1424 (9th Cir.1994), cert. denied, 513 U.S. 1171 (1995) United States v. Hoac, 990 F.2d 1099 (9th Cir.1993), cert. denied, 510 U.S. 1120 (9th Cir.1994); United States v. Flores-Payon, 942 F.2d 556 (9th Cir.1991). In Davis, this court recognized that whether one who is solely a courier is automatically entitled to a reduction for his role in the offense is an open question. Davis also observed that the court has denied downward adjustments to defendants where additional facts revealed that the defendant was not a minor or minimal participant. Indeed, the cases relied upon by Sotopaz clearly establish that it is the culpability of the defendant, not courier status alone, that determines whether the defendant is a minimal or minor participant. As stated in Davis, "[a] district courts finding that a defendant does not qualify for minor or minimal participant status is heavily dependent of the facts of the particular case...." Davis, 36 F.3d at 1436 (citing, Flores-Payon, 942 F.2d at 560). Davis stated further that "[j]ust because a defendant may be less culpable than other participants in an offense, he is not necessarily entitled to a minimal or minor role adjustment under § 3B1.2." Davis, 36 F.3d at 1435. Thus, a defendant who acts as a drug courier may be entitled to a role adjustment but such an adjustment is not required. Id. at 1436-37.
 
 
 12
 The trial judge at the sentencing hearing addressed Sotopaz's culpability. Her findings that Sotopaz was not just a one time courier but a person who had previously engaged in such activity, was trusted by the organization, and was a more important person than a normal courier, all involve Sotopaz's culpability. See United States v. Zwebar, 913 F.2d 705, 710 (9th Cir.1990) ("[C]ourier status alone does not require a role reduction. Culpability, not courier status is the key.") (citation omitted) (superseded by statute on other grounds as stated in United States v. Webster, 996 F.2d 209, 211 (9th Cir.1993). The record shows that although Sotopaz was a courier, he was not a minor or minimal participant Additionally, mitigating role reductions are only appropriate for a courier who is involved in a single transaction involving a small amount of drugs. U.S.S.G § 3B1.2. Application Note 2. Here, Sotopaz was involved as a courier in a second smuggling transaction which involved the rather substantial amount of 35.7 kilograms of marijuana. Although a finding that Sotopaz carried a substantial amount of marijuana forecloses a minimal participation adjustment, it does not prevent an adjustment for minor participation. Compare U.S.S.G. § 3B1.2, application note 2 with application note 3. However, the amount of contraband is relevant in determining whether a defendant is a minor participant. See United States v. Webster, 996 F.2d 209, 212 n. 5 (9th Cir.1993). Here, all of the factors considered by the trial judge were sufficient to preclude a mitigating role adjustment. Sotopaz was not solely a courier He was trusted by the organization, knew he was carrying a substantial amount of marijuana, and knew the risks involved.
 
 
 13
 Sotopaz failed to prove by a preponderance of the evidence that he was entitled to a mitigating role adjustment. Davis, 36 F.3d at 1436 We are required to give "due deference to the district court's application of the guidelines to the facts." Koon, 116 S.Ct. at 2046 (citation omitted), and we are convinced that the district court did not abuse its discretion in denying the role adjustment under § 3B1.2.
 
 
 14
 Affirmed.
 
 
 15
 REINHARDT, C.J., dissenting.
 
 
 16
 I dissent. The facts as outlined by the majority make it clear that Sotopaz was, under all of the evidence, simply an ordinary courier and thus entitled to a "minor" role adjustment. While a "minimal" role adjustment is available only to one-time participants, a "minor" role adjustment is not. The same rule is applicable with respect to the amount of contraband involved. In this case, there is simply no basis for denying Sotopaz the adjustment the Guidelines contemplated. His role in "the [drug importation] organization" that r:he majority postulates was a truly minor one. The district judge, in my view, clearly abused her discretion.
 
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3