145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jacobo MADERA-REYES, Defendant-Appellant.
 No. 97-10346.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1998.
June 2, 1998.
 
 Appeal from the United States District Court for the District of Arizona.
 Before: NOONAN and TROTT, Circuit Judges, and WALLACH.**
 MEMORANDUM*
 ZAPATA, J., Presiding.
 
 
 1
 We affirm. The district court did not err when it held that it lacked jurisdiction to depart downwards based on Mr. Madera-Reyes's argument that his case was outside the heartland of the Sentencing Guidelines. See United States v. Webster, 996 F.2d 209, 211 (9th Cir.1993).
 
 
 2
 In addition, we reject Mr. Madera-Reyes's argument that the structure of the Sentencing Guidelines "coerced" him into pleading guilty. "[P]lea bargaining is an approved method of encouraging guilty pleas by offering a defendant the certainty of a lesser punishment or the possibility of a more severe punishment." United States v. Gonzalez, 897 F.2d 1018, 1020 (9th Cir.1990) (citing United States v. Carter, 804 F.2d 508, 513 (quoting Frank v. Blackburn, 646 F.2d 873, 878 (5th Cir.1980))) (internal quotations omitted).
 
 
 3
 AFFIRMED.
 
 
 
 **
 The Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3