**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge ARAMBURO–CARREON,**
**Defendant–Appellant.**

**No. 00–50341.**

**D.C. No. CR–00–00361–BTM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 23, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Jorge Aramburo–Carreon appeals his conviction and eight month sentence imposed following his guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we vacate and remand in part, and affirm in part.

Aramburo–Carreon contends that the district court erred by granting him only a two-level downward adjustment for a minor role, instead of a three-level downward adjustment for a minor to minimal role, under U.S.S.G. § 3B1.2. Whether the defendant is a minor or minimal participant under U.S.S.G. § 3B1.2 is a factual determination that we review for clear error. *United States v. Lui,* 941 F.2d 844, 848 (9th Cir.1991).

■ Because the district court made no factual findings regarding Aramburo–Carreon's role as to culpability in the larger context of his offense, we cannot determine whether Aramburo–Carreon was entitled to more than the two-level downward adjustment. *United States v. Webster,* 996 F.2d 209, 212 (9th Cir.1993); *United States v. Rojas–Millan,* 234 F.3d 464, 474 (9th Cir.2000). We therefore vacate the sentence and remand for the limited purpose of permitting the district court to make this determination.

Aramburo–Carreon next contends that because the statute of his conviction, 21 U.S.C. § 960, is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the conviction should be overturned. We review for plain error where the defendant is raising an *Apprendi* argument for the first

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

time on appeal. *United States v. Nordby,* 225 F.3d 1053, 1060 (9th Cir.2000).

The district court sentenced Aramburo–Carreon to a term of eight months, a term far lower than the prescribed five-year maximum to which Aramburo–Carreon was subjected under the facts admitted at his plea hearing. *See* 21 U.S.C. § 960(b)(4). Because the district court's findings did not raise Aramburo–Carreon's sentence beyond that which he would have received based solely upon the facts he admitted at his plea hearing, he can show no prejudice. Accordingly, Aramburo–Carreon cannot demonstrate that any error has "seriously affected the fairness, integrity or public reputation of judicial proceedings". *United States v. Garcia–Guizar,* 227 F.3d 1125, 1129 (9th Cir.2000).

VACATED and REMANDED in part, and AFFIRMED in part.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the