**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Flavio ESCARREGA–VELASQUEZ, Defendant–Appellant.**

**No. 02–10361.**
**D.C. No. CR–01–01715–FRZ.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. Accord-

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Flavio Escarrega–Velasquez appeals the 57–month sentence imposed following his guilty plea conviction for possession with intent to distribute, and importation of, 77.2 pounds of cocaine, in violation of 21 U.S.C. §§ 841 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error, *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir.1994), and we vacate the sentence and remand for resentencing.

Escarrega–Velasquez contends that the district court clearly erred by denying him a two-level minor role adjustment under U.S.S.G. § 1B1.3. We agree. At sentencing, the district court observed that as to the possession count Escarrega–Velasquez was clearly the smallest cog in the distribution chain, but denied the minor role adjustment because, with respect to the importation count, Escarrega–Velasquez was the importer of the drugs.

Because it appears the district court erroneously believed it was precluded from granting the adjustment solely because Escarrega–Velasquez was an importer of drugs, we vacate and remand. *See United States v. Webster*, 996 F.2d 209, 212 (9th Cir.1993); *Davis*, 36 F.3d at 1436. In determining whether Escarrega–Velasquez was a minor participant, the district court should consider all relevant conduct rather than relying solely on the elements of the charged offenses. *See Webster*, 996 F.2d at 212.

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.