**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dawn Michelle YATES, Defendant– Appellant.**

No. 03–30132.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided Aug. 4, 2004.

---

Kris A. McLean, Esq., USMI--Office of the U.S. Attorney, Missoula, MT, for Plaintiff-Appellee.

David F. Ness, Esq., FDMT--Federal Defenders of Montana (Great Falls), Great Falls, MT, for Defendant-Appellant.

Before: O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Yates appeals from the district court's refusal to grant her a minor participant adjustment pursuant to U.S.S.G. § 3B1.2. Because the facts are known to the parties they are not repeated here.

"A district court by definition abuses its discretion when it makes an error of law," *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), even though our review of sentencing decisions is generally deferential. *See United States v. Rojas–Millan,* 234 F.3d 464, 472 (9th Cir.2000) (holding that we review factual findings for clear error and the appli-

cation of the guidelines for abuse of discretion).

While the evidence in the record could plainly support denial of the minor participant adjustment, *see, e.g., United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994); *United States v. Zweber,* 913 F.2d 705, 710 (9th Cir.1990), the district court stated explicitly that it looked "solely to the conduct of the defendant" and did not compare Yates' conduct with any other participants. (Transcript of Sentencing Proceedings, March 19, 2003, at 17.) We have held that courts must assess the defendant's culpability in relation to the other participants as defined by the Guidelines, *see* U.S.S.G. § 3B1.2 comment. (n. 1), not to a generic or abstract notion of what may constitute an "active role." *See United States v. Benitez,* 34 F.3d 1489, 1498 (9th Cir.1994) ("[T]he relevant comparison in determining whether a two-level adjustment in offense level is appropriate is to the conduct of co-participants in the case at hand."); *see also Rojas–Millan,* 234 F.3d at 473 ("read[ing] § 3B1.2 as instructing courts to look beyond the individuals brought before it to the overall criminal scheme when determining whether a particular defendant is a minor participant in the criminal scheme").

While the district court was not obliged to consider conduct preceding Yates' criminal activity, the court may nonetheless have also labored under a legal misunderstanding of the scope of conduct relevant to U.S.S.G. § 3B1.2 analysis. The district court, for example, explicitly confined its analysis to the charged conduct, limiting its findings "to those matters involving the drugs that are acknowledged to have been involved in this case" (i.e., the controlled buys), and hedged its conclusion that Yates was "an active participant," adding, "at

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

least as to these transactions." (Transcript of Sentencing Proceedings, March 19, 2003, at 17.)

The Sentencing Guidelines, by contrast, clearly contemplate consideration of "collateral conduct beyond the charged offense," even when, as here, there is no conspiracy conviction. *United States v. Webster*, 996 F.2d 209, 212 (9th Cir.1993); *see also* U.S.S.G. Ch.3., Pt.B, intro. comment (role determinations are to be based upon all relevant conduct and "not solely on the basis of elements and acts cited in the count of conviction"); *United States v. Demers*, 13 F.3d 1381, 1383 (9th Cir.1994) ("In light of *Webster*, we decline to restrict the scope of relevant conduct on which a downward adjustment may be based to the relevant conduct that is included in the defendant's base offense level.").

Thus, from the transcript before us, and because the district court explicitly declined to assess the defendant's culpability with respect to other participants in the offense, and may have misunderstood the scope and meaning of relevant conduct, *see* U.S.S.G. Ch.3, Pt.B, intro. comment, we vacate the sentence and remand to enable the district court to reconsider whether Yates was a minor participant under U.S.S.G. § 3B1.2. *See* 18 U.S.C. § 3742(f)(1). In doing so, we do not suggest that the district court, in its exercise of its discretion, is precluded from denying the requested adjustment.

VACATED AND REMANDED.