**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William Dean JENKINS, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Sharon Ann Jenkins, Defendant–Appellant.**

Nos. 05–50713, 05–50733.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Dec. 21, 2006.

Jessica M. Kass, United States Department of Justice, Southern District of California, San Diego, CA, for Plaintiff–Appellee.

Anthony E. Colombo, Jr., Esq., Law Offices of Anthony E. Colombo Jr., Martin G. Molina, Esq., San Diego, CA, for Defendant–Appellant.

Before: KENNEDY *, HALL, and HAWKINS, Circuit Judges.

## MEMORANDUM **

William Dean Jenkins and his wife Sharon Ann Jenkins appeal their convictions and sentences for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841, and for importation of mari-

---

\* The Honorable Cornelia G. Kennedy, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

juana, in violation of 21 U.S.C. §§ 952 and 960. We affirm their convictions and sentences. Because the parties are familiar with the facts and procedural background, we do not recite them here.

## I. William Jenkins's Confession

■ A confession is involuntary when, "considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Leon Guerrero*, 847 F.2d 1363, 1365–66 (9th Cir.1988). Under this test, we have held that promises to report the defendant's cooperation to the prosecutor are not coercive. *United States v. Okafor*, 285 F.3d 842, 847 (9th Cir.2002). While we generally disapprove, however, of an interrogator's threats to tell the prosecutor about a defendant's refusal to cooperate, *see United States v. Tingle*, 658 F.2d 1332, 1336 n. 5 (9th Cir.1981), this disapproval does not amount to a categorical rule.

At the beginning of his conversation with William Jenkins, Agent Chace said he would advise the prosecutor if William cooperated or if he refused to cooperate, but little else. Even if threatening someone vis-á-vis their spouse is analogous to threatening someone vis-á-vis their child, *cf. id.* at 1336—which we do not decide here—the context in which Agent Chace told William that his wife could be arrested if he remained silent was not sufficiently coercive so as to undermine the voluntariness of William's confession. In the absence other coercive pressures, Agent Chace's statements alone do not entail the conclusion that William's statements were involuntary.

## II. The Second Search of the Jenkins's Van

■ Border searches do not need to be justified by reasonable suspicion. *United States v. Flores–Montano*, 541 U.S. 149, 155, 124 S.Ct. 1582, 158 L.Ed.2d 311 (2004). This is as true for the initial search of a vehicle as for subsequent searches made in the border area within the same general time period. *See United States v. Ogbuehi*, 18 F.3d 807, 812–13 (9th Cir.1994). The second search of the Jenkins's van was conducted before they left the Port of Entry a short time after Sharon was released. No reasonable suspicion was required, and the district court properly denied the defendants' motion to suppress.

## III. Sufficiency of the Evidence Against Sharon Jenkins

■ Though Sharon Jenkins attempts to escape culpability by arguing that she was merely a passenger in the van, criminal knowledge may be imputed to a car passenger "where there is a rational basis for attributing an interest in the contraband to the passenger because of his relationship to the driver, his attitude, conduct or other probative circumstances." *United States v. Hood*, 493 F.2d 677, 681 (9th Cir.1974). Here, possession of the drugs could be imputed to Sharon because "[s]he was the wife of the driver, rather than a temporary passenger, with a reason to know where her husband was going and his intentions." *Id.*

Moreover, Sharon's story that she suspected she was smuggling an illegal alien across the border constitutes an admission—or at least very strong evidence—that she exercised the requisite "dominion and control" over the vehicle's contents to be guilty of possession and conspiracy. *United States v. Magallon–Jimenez*, 219 F.3d 1109, 1113 (9th Cir.2000). Thus, a rational trier of fact could have found Sharon guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319,

99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Shipsey,* 363 F.3d 962, 971 n. 8 (9th Cir.2004).

### IV. The Prosecutor's Closing Argument

A prosecutor's comment about the defendant's refusal to take the stand is unconstitutional if the comment is " 'manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify.' " *Hovey v. Ayers,* 458 F.3d 892, 912 (9th Cir.2006) (quoting *Lincoln v. Sunn,* 807 F.2d 805, 809 (9th Cir.1987)); *see also Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Reversal is warranted, however, only when the prosecutor's comment "is extensive, where an inference of guilt from silence is stressed to the jury as a basis of conviction, and where there is evidence that could have supported acquittal." *United States v. Kennedy,* 714 F.2d 968, 976 (9th Cir.1983).

Here, the prosecutor's comment was brief and did not suggest that the defendant's failure to testify implied guilt. The prosecutor was responding primarily to the defense's opening statement, which had promised testimony from Sharon describing the details of how she was recruited to smuggle aliens. She ultimately decided not to testify, and, in closing, the prosecutor argued that it was the lack of evidence, not this decision itself, that should factor into the jury's deliberations. *Cf. United States v. Ponce,* 51 F.3d 820, 831 (9th Cir.1995). Thus, any error here does not warrant reversal.

### V. Denial of Adjustment for Minor Role

When it determined whether minor role adjustments were warranted, the district court considered the Jenkins's relevant conduct, not just the nature of the charged importation offenses, *cf. United States v. Webster,* 996 F.2d 209, 211–212 (9th Cir.1993), and "evaluated [the Jenkins's] role[s] relative to all participants in the criminal scheme," not just their culpabilities relative to one another. *Cf. United States v. Rojas–Millan,* 234 F.3d 464, 472 (9th Cir.2000). Specifically, the district court found that the Jenkins's alternative account of the events lacked credibility, and thus it did not find any factual predicate for a minor role adjustment.

The only issue properly before this panel, then, is whether the district court clearly erred in its factual findings about whether the Jenkins were entitled to minor role adjustments. *See United States v. Jennings,* 439 F.3d 604, 608 (9th Cir. 2006). The Jenkins offer no evidence of such error beyond the case they presented to the jury at trial, and the district court's findings about credibility, which were based, in part, on the jury's consistent guilty verdicts, do not appear to be clearly erroneous. We therefore affirm the district court's denial of a downward adjustment here.

AFFIRMED.