MEMORANDUM **
Gustavo Adolfo Penunuri-Badillo appeals from the 48-month sentence imposed following his guilty-plea conviction for importing cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(l)(B)(ii), and possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(l)(A)(ii)(II). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Penunuri-Badillo contends that the district court erred when it failed to apply a minimal role adjustment, pursuant to U.S.S.G. § 3B1.2(a), to his offense level calculation. We conclude that the district court did not err. See United States v. Webster, 996 F.2d 209, 212 n. 5 (9th Cir.1993); see also United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
Penunuri-Badillo also contends that the district court erred when it denied his request for a downward departure based on imperfect duress, pursuant to U.S.S.G. § 5K2.12, and that his sentence is unreasonable. We review both contentions for reasonableness. See United States v. Dallman, 533 F.3d 755, 760-61 (9th Cir.2008); United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). We conclude that the district court did not procedurally err and that the sentence is not substantively unreasonable. See Carty, 520 F.3d at 991-93.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.